# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DISH NETWORK L.L.C., a Colorado )
Limited Liability Company, )
ECHOSTAR TECHNOLOGIES L.L.C., )
a Texas Limited Liability Company, and )
NAGRASTAR L.L.C., a Colorado )
Limited Liability Company, )
       )
                 Plaintiffs, )
       )        Case No.: 8:11-cv-2138-T-24 TGW
v. )
       )
HECTOR MERCADO d/b/a )
HEC'S COMPUTER WHAREHOUSE )
www.hecspc.com, www.fta4dummies.com )
and www.fta4dummies.net )
       )
                 Defendant. )
       )

## FINAL JUDGMENT AND PERMANENT INJUNCTION

**I.   NATURE OF THE CASE**

1. The Plaintiffs brought this action against the Defendant Hector Mercado (hereinafter "Defendant") for his sales and/or distributions of DISH Network piracy devices and services which enabled his purchasers to receive encrypted, copyrighted, subscription-based DISH Network satellite television programming without authorization and without payment to DISH Network.

2. Defendant was properly served with a copy of the Summons and Plaintiffs' Complaint, but Defendant failed to file an answer, responsive pleading, or otherwise defend himself from the lawsuit within the time allowed. Plaintiffs submitted evidence that Defendant is not an

infant, not an incompetent person, and not on active duty in the military or otherwise exempted under the Service Members' Civil Relief Act.

3. As a result of Defendant's failure to answer Plaintiffs' Complaint or otherwise appear in this action at all, the Court accepts as true the following well plead allegations in Plaintiffs' Complaint:

    a. DISH Network is a multi-channel video provider that delivers video, audio, and data services via a direct broadcast satellite system to more than 14 million subscribers. DISH Network uses high-powered satellites to broadcast, among other things, movies, sports and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event the purchase price.

    b. DISH Network contracts for and purchases the distribution rights for most of the programming broadcast on the DISH Network platform from providers such as network affiliates, pay and specialty broadcasters, cable networks, motion picture distributors, sports leagues, and other holders of programming rights. The works broadcast on the DISH Network platform are copyrighted. DISH Network has the authority of the copyright holders to protect these works from unauthorized reception and viewing.

    c. DISH Network programming is digitized, compressed, and scrambled prior to being transmitted to multiple satellites located in geo-synchronous orbit above Earth. The satellites then relay the encrypted signal back down to Earth where it can be received by DISH Network subscribers that have the necessary equipment.

    d. The EchoStar Technologies receiver processes an incoming DISH Network satellite signal by locating an encrypted part of the transmission known as the entitlement

control message and forwards that message to the smart card. Provided that the subscriber is tuned to a channel he is authorized to watch, the smart card uses its decryption keys to unlock the message, uncovering a control word. The control word is then transmitted back to the receiver in order to decrypt the DISH Network satellite signal. Each receiver and smart card is assigned a unique serial number which is used by DISH Network when activating the equipment, and to ensure the equipment only decrypts programming that the customer is authorized to receive as part of his or her subscription package and pay-per-view purchases.

e. Prior to June of 2009 there existed a method of unauthorized interception of DISH Networks signals whereby certain Free To Air ("FTA") satellite receivers were programmed ("modified") with certain software, modified FTA card hack piracy software. Once programmed the modified FTA receivers were capable of decrypting DISH Networks encrypted, copyrighted, subscription-based, satellite television programming without authorization, thus allowing for the unauthorized receipt of the signals and without payment to DISH Network.

f. There exists a method of unauthorized interception of DISH Networks signals whereby Internet Enabled Free FTA satellite receivers are programmed ("modified") with certain software, modified FTA/IKS piracy software. Once programmed the modified internet-enabled FTA receivers utilize the Internet to make connections with certain computer servers which provide internet key sharing ("IKS") television services that deliver the computer software and decryption codes needed to decrypt DISH Network television programming without authority, thus allowing for the unauthorized receipt of the signals and without payment to DISH Network.

g. The internet key sharing ("IKS") television services can be purchased through subscription services whereby subscriber can obtain Internet access to a computer server which then provides the computer software and decryption codes needed to decrypt DISH Network television programming without authority to modified internet-enabled FTA receivers, thus allowing for the unauthorized receipt of the signals and without payment to DISH Network.

h. The Defendant sold and/or distributed DISH Network piracy devices and services by:

   i. Selling and/or distributing FTA receivers and Internet enabled FTA receivers while directing purchasers to websites, including his own websites where the modified FTA card hack piracy software and the modified FTA/IKS piracy software was available to modify the receivers;

   ii. Selling and/or distributing FTA receivers that had already been programmed ("modified) with modified FTA card hack piracy software;

   iii. Selling and/or distributing modified FTA card hack piracy software by programming it into and thus modifying an internet-enabled FTA receiver; and

   iv. Selling and/or distributing a service through paid subscriptions to a private server providing internet key sharing ("IKS") television services.

4. Based upon the Defendant's sales and/or distribution and/or modification of DISH piracy devices the Defendant is liable for five (5) violations of the Communications Act, 47 U.S.C. § 605 (e)(4) and he has violated the Florida Unauthorized Reception of Communication Services Statute, Florida Statute § 812.15.

5. Based upon the Defendant's sales and/or distribution and DISH piracy devices the Defendant is liable for four (4) violations of the Digital Millennium Copyright Act ("D.M.C.A."), 17 U.S.C. § 1201(a)(2).

6. Pursuant 47 U.S.C. § 605(e)(3)(C)(i)(II), the Plaintiffs are seeking $50,000 as the minimum statutory damage for the Defendant's five (5) violations of the Communications Act, 47 U.S.C. § 605 (e)(4). Pursuant to 17 U.S.C. § 1203(c)(3)(A), the Plaintiffs are seeking $800 as the minimum statutory damage for the Defendant's four (4) violations of 17 U.S.C. § 1201(a)(2).

7. The Plaintiffs have established that they are entitled to injunctive relief pursuant to provisions of 47 U.S.C. § 605(e)(3)(B)(i) and/or 17 U.S.C. § 1203(b)(1) and/or the Florida Unauthorized Reception of Communication Services Statute, Florida Statute §812.15(10)(b)(1) and/or Federal Rule of Civil Procedure 65.

8. The Plaintiffs have agreed to dismiss their other causes of action and/or claims as set forth in the Complaint with prejudice so that a final judgment can enter in this case.

## II. FINAL JUDGMENT & PERMANENT INJUNCTION

Upon default of the Defendant, the Court, having reviewed the record, evidence, and applicable law in this matter, hereby **ORDERS** and **ADJUDGES** as follows:

1. Defendant, and Defendant's employees, agents, representatives, attorneys, and all persons acting or claiming to act on Defendant's behalf or under Defendant's direction or authority, and all persons acting in concert or in participation with Defendant, are hereby **PERMANENTLY ENJOINED** from:

    a. manufacturing, offering to the public, providing, or otherwise trafficking in any pirate

tools, software, receivers, or any other device, component, or part thereof that:

  i. is primarily designed or produced for the purpose of circumventing DISH Network's security system or any other technological measure adopted by DISH Network that controls access to, copying, or distribution of copyrighted works on the DISH platform;

  ii. has only a limited commercially significant purpose or use other than to circumvent DISH Network's security system or any other technological measure adopted by DISH Network that controls access to, copying, or distribution of copyrighted works on the DISH platform;

  iii. is marketed for use in circumventing DISH Network's security system or any other technological measure adopted by DISH Network that controls access to copying or distribution of copyrighted works on the DISH platform;

b. manufacturing, assembling, modifying, selling, or distributing pirate tools, software, receivers, or any other device knowing or having reason to know that such device is primarily of assistance in the unauthorized decryption of direct-to-home satellite services;

c. receiving or assisting others in receiving without authorization, or otherwise intercepting or procuring others to intercept, DISH's satellite transmissions of television programming;

d. operating the websites www.hecspc.com or www.fta4dummies.com or www.HECSpc.com or any other website in a manner which would violate the terms of the injunction.

2. The Permanent Injunction takes effect immediately.

3. Plaintiffs' other causes of action and claims as set forth in the Complaint are hereby dismissed with prejudice.

4. The Court further orders **JUDGMENT** for the Plaintiffs on their claims under the Communications Act, 47 U.S.C. § 605 (e)(4), the Digital Millennium Copyright Act ("D.M.C.A."), 17 U.S.C. § 1201(a)(2) and the Florida Unauthorized Reception of Communication Services Statute, F.S.A. § 812.15.

5. Pursuant 47 U.S.C. § 605(e)(3)(C)(i)(II), the Plaintiffs are awarded $50,000 as the minimum statutory damage for the Defendant's five (5) violations of the Communications Act, 47 U.S.C. § 605 (e)(4). Pursuant to 17 U.S.C. § 1203(c)(3)(A), the Plaintiffs are awarded $800 as the minimum statutory damage for the Defendant's four (4) violations of 17 U.S.C. § 1201(a)(2).

6. The Plaintiffs are also awarded Costs of $440.00 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and/or 17 U.S.C. § 1203(b)(4) and/or Florida Statute § 812.15 (10)(b)(4).

7. Post-judgment interest shall accrue on the judgment pursuant to 28 U.S.C. § 1961.

8. This judgment is final.

**DONE AND ORDERED** this 27th day of June, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties & Counsel of Record